IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROSEMARY W., | |
| Plaintiff, | |
| v. | Case No. 21-cv-5036 |
| LEE DUDEK, Commissioner of Social Security,[1] | Judge Mary M. Rowland |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Rosemary W.[2] filed this action seeking a reversal of the final decision of the Commissioner of Social Security denying her application for Disability Insurance Benefits (DIB) under the Social Security Act (the Act) and a remand for further proceedings. [1]. For the reasons stated below, the Court denies Plaintiff's motion for summary judgment [12] and grants the Commissioner's motion for summary judgment [14].

**I. PROCEDURAL HISTORY**

Plaintiff applied for Disability Insurance Benefits in October 2017, alleging that she became disabled on August 23, 2017. [9-1] at 25 (ALJ decision).[3] The application was denied initially and on reconsideration, after which Plaintiff filed a

---

[1] Lee Dudek has been substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

[2] In accordance with Internal Operating Procedure 22, the Court refers to Plaintiff only by her first name and the first initial of her last name.

[3] The Court uses the CM/ECF page numbers on the filings.

timely request for a hearing. (*Id.*). On October 8, 2019, Plaintiff, represented by counsel, testified at a hearing before an Administrative Law Judge (ALJ). (*Id.*). The ALJ also heard testimony from Edward Pagella, a vocational expert (V.E.). (*Id.*). On November 15, 2019, the ALJ determined that Plaintiff was not disabled under Sections 216(i) and 223(d) of the Act. (*Id.* at 25-32).

Applying the five-step sequential evaluation process, the ALJ found, at step one, that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of August 23, 2017. (*Id.* at 27). At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine and obesity. (*Id.* at 27-28). The ALJ considered Plaintiff's history of headaches and, though the ALJ stated that Plaintiff had a primary headache disorder, the ALJ found that there was little evidence of record to support Plaintiff's allegations that her headaches occurred up to four times per week, could last for days, or had to be treated by lying down in a dark room with a cold rag. (*Id.* at 27) In addition, the ALJ considered Plaintiff's complaints of gastroesophageal reflux disease, hyperlipidemia, thyroid disorder, and a new shooting pain in her upper extremities and legs possibly due to osteoarthritis, but she found there was no evidence of those disorders based on applicable regulations. (*Id.* at 28).

At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any of the enumerated listings in the regulations. (*Id.* at 28-29). In reaching this conclusion, the ALJ compared the objective medical evidence to the requirements of the

applicable listings. (*Id.*). The listings that the ALJ considered included listing 1.02 for musculoskeletal impairments and the ALJ found that Plaintiff did not have an inability to ambulate or perform fine and gross movements effectively. (*Id.*). The ALJ noted that no opinions from medical sources indicated that Plaintiff's impairments met or equaled a listing. (*Id.* at 29)

The ALJ then assessed Plaintiff's Residual Functional Capacity (RFC)[4] and determined that Plaintiff had the RFC to perform less than the full range of light work as defined in 20 CFR 404.1567(b). The ALJ found that Plaintiff:

> should never climb ladders, ropes, or scaffolding. She should no more than occasionally climb ramps and stairs, stoop, crouch, kneel, crawl, bend, or twist. [Plaintiff] should avoid concentrated exposure to extreme cold, vibration, and work hazards such as unprotected heights and dangerous moving machinery

(*Id.*). The ALJ indicated that in making this finding, she considered all symptoms and the extent to which the symptoms could reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSR 16-3p. (*Id.*). The ALJ also stated that she considered the medical opinions and prior administrative medical findings in accordance with the requirements of 20 CFR 404.1520c. (*Id.*).

In the ALJ's assessment, Plaintiff's medically determinable impairments could reasonably be expected to cause Plaintiff's alleged symptoms but Plaintiff's allegations about the intensity, persistence and limiting effects of the symptoms were

---

[4] "The RFC is the maximum that a claimant can still do despite his mental and physical limitations." *Craft v. Astrue*, 539 F.3d 668, 675-76 (7th Cir. 2008); 20 C.F.R. § 404.1545(a).

not entirely consistent with the medical evidence and other evidence in the record for several reasons, including that there was little support in the record for many of Plaintiff's complaints and, in relation to Plaintiff's allegations regarding exertional and postural restrictions, the physical examinations of record by treating sources consistently showed essentially normal musculoskeletal and neurologic findings. (*Id.* at 30).[5] The ALJ also stated that Plaintiff ambulated normally into and out of the hearing room without difficulty and demonstrated no difficulty getting into or out of her chair. (*Id.*). In addition, the ALJ stated that there was no support in the sparse record for the assertion that Plaintiff would likely miss work more than three times per month. (*Id.* at 31).

At step four, the ALJ determined that Plaintiff could perform past relevant work as a receptionist and administrative assistant. (*Id.* at 32). Accordingly, the ALJ found that Plaintiff was not disabled under the Act. (*Id.*). The Appeals Council denied Plaintiff's request for review. (*Id.* at 8-10). Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. *Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

## II. STANDARD OF REVIEW

Section 405(g) of the Act authorizes judicial review of the Commissioner's final decision. 42 U.S.C. § 405(g). Courts may not engage in their own analysis of whether the plaintiff is disabled, nor may they "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or, in general, substitute [their] own judgment

---

[5] Though the ALJ refers to little support in the "record", the context of this statement indicates that the ALJ was discussing the medical record. (*Id.* at 30).

for that of the Commissioner." *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). "The ALJ's decision will be upheld if supported by 'substantial evidence.'" *Jozefyk v. Berryhill*, 923 F.3d 492, 496 (7th Cir. 2019) (quoting *Moore v. Colvin*, 743 F.3d 1118, 1120-21 (7th Cir. 2014)). The Supreme Court has stated that "whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . is more than a mere scintilla. It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

In addition, the ALJ must "explain his analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Scrogham v. Colvin*, 765 F.3d 685, 695 (7th Cir. 2014) (quoting *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005)). Courts accord great deference to the ALJ's determination, but "must do more than merely rubber stamp the [ALJ]'s decision []." *Scott v. Barnhart,* 297 F.3d 589, 593 (7th Cir. 2002) (alterations in original) (quoting *Erhart v. Sec'y of Health & Human Servs.*, 969 F.2d 534, 538 (7th Cir. 1992)). The deferential standard "does not mean that we scour the record for supportive evidence or rack our brains for reasons to uphold the ALJ's decision." *Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014). "Rather, it is up to the ALJ to articulate the relevant evidence and explain how that evidence supports her ultimate determination." *Noonan v. Saul*, 835 F. App'x 877, 880 (7th Cir. 2020). "If a decision 'lacks evidentiary support or is so poorly articulated as to prevent meaningful review,' a remand is required." *Kastner*

*v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012) (quoting *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002)). Courts may also reverse and remand the decision "if the ALJ committed an error of law or based her decision on serious factual mistakes or omissions." *Judy M. v. Kijakazi*, No. 21 C 2028, 2023 WL 2301448, at *3 (N.D. Ill. Feb. 28, 2023) (citation omitted). If substantial evidence supports the ALJ's decision and reasonable minds could disagree on whether a claimant is disabled, the court must affirm the Commissioner's decision. *See Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019).

### III. DISCUSSION

Seeking remand for further proceedings, Plaintiff argues that the ALJ failed to properly assess her migraines, activities of daily living, and side effects from medications, and erred in assessing the treating opinion evidence. [12] at 7-14. The Court analyzes each argument in turn below.[6]

**A. The ALJ properly assessed Plaintiff's subjective statements about her migraines.**

Plaintiff argues that the ALJ failed to properly evaluate her migraines pursuant to SSR 16-3p and SSR 96-8p. (*Id.* at 7-8.). Specifically, Plaintiff asserts that the ALJ failed to explain why her testimony and the headache questionnaire she filled out in support of her DIB application were not sufficient evidence of her migraines, particularly given that the ALJ did not cite any evidence in the record that contradicted her reported headache symptoms and limitations. (*Id.*). The

---

[6] It is worth emphasizing at the outset that the Court agrees with the ALJ's characterization of the record as "sparse". [9-1] at 31.

Commissioner responds that the ALJ properly concluded that Plaintiff's testimony and the reports she made to the agency about the severity and persistence of her migraines were not supported by the record. [15] at 3-4. The Court agrees with the Commissioner.

"Subjective statements by claimants as to pain or other symptoms are not alone conclusive evidence of disability and must be supported by other **objective** evidence." *Grotts v. Kijakazi*, 27 F.4th 1273, 1278 (7th Cir. 2022) (emphasis added). If an ALJ gives specific reasons supported by the record, a court will not overturn a credibility determination unless it is patently wrong. *Grotts*, 27 F.4th at 1279. A decision is "patently wrong" if the decision "lacks any explanation or support." *Murphy v. Colvin*, 759 F.3d 811, 816 (7th Cir. 2014). In drawing its conclusions, the ALJ must "explain her decision in such a way that allows [the court] to determine whether she reached her decision in a rational manner, logically based on her specific findings and the evidence in the record." *Id.* (citing *McKinzey v. Astrue*, 641 F.3d 884, 890 (7th Cir. 2011)).

The ALJ found that Plaintiff had a primary headache disorder but there was little evidence of record to support Plaintiff's allegations that her migraines occurred up to four times per week and could last for days, or that she had to treat her headaches by lying down in a dark room with a cold rag. [9-1] at 27. Based on the context of the ALJ's statement, the ALJ was clearly indicating that there was little **objective** evidence in the record to support Plaintiff's allegations. Plaintiff has not identified any objective evidence that is consistent with her allegations about the

intensity, persistence, or functionally limiting effects of her migraine symptoms that the ALJ failed to consider.

In addition, the ALJ determined that records from Plaintiff's treating physician did not include evidence of ongoing difficulties related to headaches. (*Id.* at 31). The ALJ appropriately considered the incongruity between the symptoms Plaintiff reported to the agency and those she reported to her doctor as evidence that her allegations to the agency were not credible. *See Murphy v. Berryhill*, 727 F. App'x 202, 207 (7th Cir. 2018). While the ALJ's assessment of Plaintiff's migraines is brief, the Court does not find that the ALJ's decision "lacks evidentiary support or is so poorly articulated to permit meaningful review," which would require a remand. *See Kastner v. Astrue*, 697 F.3d at 646. Indeed, the Court did not have difficulty following the ALJ's reasoning in her opinion, particularly considering the sparse record.

Plaintiff argues that if she needed to lie down in a dark room with a cold cloth to relieve her migraines—and if these efforts were effective—there would be little reason for her to report this to her doctors. [12] at 7. However, if a plaintiff makes claims to an ALJ that are not reflected in treatment notes, that's a valid reason to discount those claims, especially if the claims involve something a plaintiff asserts is preventing her from working. *See Robert S. v. Kijakazi*, No. 20 C 6286, 2022 WL 45036, at *8 (N.D. Ill. Jan. 5, 2022).

Because the ALJ provided several valid reasons for discounting Plaintiff's complaints related to her migraines, the Court is satisfied that the ALJ properly discounted Plaintiff's testimony and responses to the agency about the intensity,

persistence, and limiting effects of the migraine symptoms. No remand is necessary on this basis.

### B. The ALJ properly evaluated Plaintiff's activities of daily living pursuant to SSR 16-3p and SSR 96-8p.

Plaintiff asserts that the ALJ did not discuss any of Plaintiff's daily activities in her decision despite SSR 16-3p and SSR 96-8p explicitly directing ALJs to do so. [12] at 8-9. The Commissioner argues that the ALJ correctly considered the applicable regulatory factors, the ALJ was not obligated to discuss every factor listed in the regulation, and the activities of daily living were not a dispositive issue to the ALJ. [15] at 3-5, 7-8.

The Court disagrees with both Plaintiff and Defendant—the ALJ discussed many of Plaintiff's activities of daily living and limitations, including her allegations that she has shooting pain in her upper extremities and legs, she has pain from her head to toe, her legs and knees occasionally give out, she can walk around a block, stand for ten minutes and sit for ten minutes, she has difficulty lifting a gallon of milk, she can only climb stairs when her back does not hurt, she has difficulty using her hands, she can go out to shop and walk, she can drive, and she has to treat her headaches by lying down in a dark room with a cold rag. [9-1] at 27-31. True, the ALJ's summary of Plaintiff's symptoms did not mention every detail but it did not need to. *Gedatus v. Saul*, 994 F.3d 893, 903 (7th Cir. 2021). The Court finds that the ALJ's discussion of Plaintiff's activities of daily living shows that the ALJ did indeed analyze them. *See id.*; *see also Jolene C. v. Saul*, No. 20 CV 50219, 2021 WL 2156426, at *8 (N.D. Ill. May 27, 2021). The ALJ did not ignore evidence contrary to her

conclusions.

Importantly, the ALJ took into consideration Plaintiff's pain and limitations when she assessed Plaintiff's RFC. The ALJ stated that Plaintiff's subjective complaints were taken into account, both individually and in combination, in the ALJ's residual functional capacity assessment. [9-1] at 32. In addition, the ALJ determined Plaintiff had severe impairments and needed some limitations. *Id.*; *see Gedatus*, 994 F.3d at 902-03; *Schmidt v. Astrue*, 496 F.3d 833, 844 (7th Cir. 2007) ("[T]he ALJ did not totally discount [the plaintiff's] testimony regarding how her pain affected her ability to perform certain activities, as evinced by the ALJ's decision to limit [the plaintiff's] range of work to sedentary when assessing her residual functional capacity."). For instance, the ALJ stated that she limited Plaintiff "to no climbing of ladders, ropes or scaffolding in consideration of her combination of obesity and complaints of pain all over including in her upper extremities as . . . upper extremity pain and/or discomfort could be aggravated by pulling oneself up on a ladder, rope, or scaffolding." [9-1] at 31.

Plaintiff also argues that that the ALJ should have explained how Plaintiff could perform light and sedentary work if she struggled to get through basic daily tasks without rest and assistance from others, which she would not have in a full-time, competitive job. [12] at 9. The ALJ did not have to explain how Plaintiff could perform light and sedentary work if she struggled to get through basic daily tasks because the ALJ's determination that Plaintiff's allegations about her symptoms and limitations lacked credibility was supported by substantial evidence. The ALJ

acknowledged a significant portion of Plaintiff's allegations about her symptoms and limitations before finding that Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. [9-1] at 30. Just as the ALJ provided several valid reasons for discounting Plaintiff's complaints related to her migraines, the ALJ provided several valid reasons for discounting Plaintiff's complaints related to other physical limitations. (*Id.* at 27-31). For instance, the ALJ found that the findings from the physical examinations in the record were largely normal, there was little support for Plaintiff's allegations regarding not sleeping well, her legs and knees giving out, or needing to elevate her legs, Plaintiff ambulated normally into and out of the hearing room without difficulty and demonstrated no difficulty getting into or out of her chair, and there was no evidence of dizziness being an ongoing concern nor evidence of ongoing difficulties related to irritable bowel syndrome. (*Id.* at 31-32). No remand is necessary on this basis.

### C. The ALJ adequately assessed Plaintiff's allegations about side effects from her medications.

Plaintiff argues that the ALJ failed to adequately assess Plaintiff's side effects from her medications because the ALJ never clarified how the RFC restrictions that the ALJ put in place to address the side effects would account for Plaintiff's dizziness and drowsiness from her medications and no evidence in the record supports the ALJ's conclusion. [12] at 10. In addition, Plaintiff asserts that if Plaintiff was drowsy and dizzy during the day, she would likely be off task and would require additional breaks to address these problems, and the V.E. testified that an individual who was

off task even just 15 percent of the workday would be terminated. (*Id.*). The Commissioner responds that the ALJ did consider her purported side effects and accommodated them to the extent she found supported by the evidence. [15] at 8. The Court agrees with the Commissioner.

Despite finding that there was no evidence in the record of dizziness being an ongoing concern, the ALJ included limitations in the RFC related to Plaintiff's alleged side effects. [9-1] at 31. Specifically, the ALJ found that Plaintiff should avoid concentrated exposure to work hazards such as unprotected heights and dangerous moving machinery. (*Id.*). In reply, Plaintiff points to her treating provider's opinion as evidence of her side effects, [16] at 6; however, the ALJ determined that opinion was unpersuasive and, as discussed below, the Court finds that decision was supported by substantial evidence. The ALJ's consideration of Plaintiff's alleged side effects, which the ALJ did not find support for in the record, and inclusion of a limitation that reduces the potential for harm if Plaintiff experiences dizziness, satisfies the Court that substantial evidence supports the ALJ's RFC assessment related to Plaintiff's alleged side effects and a remand is not required.

### D. The ALJ did not err in assessing the statements from Plaintiff's treating physician.

Plaintiff argues that the ALJ failed to properly evaluate the opinions of Dr. Haresh Sawlani, Plaintiff's treating physician. [12] at 10-14. The Commissioner responds that the ALJ appropriately considered the evidence in the record, and substantial evidence supports the ALJ's findings. [15] at 8-13. The Court agrees with the Commissioner.

The revised regulatory framework governed the ALJ's evaluation of the medical evidence. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017) (technical errors corrected by 82 Fed. Reg. 15132-01 (Mar. 27, 2017)). 20 C.F.R § 404.1520c provides that the most important factors the ALJs are to consider when evaluating the persuasiveness of medical opinions and prior administrative medical findings are supportability and consistency. The ALJ's decision should allow a reviewing court "to trace the path of the adjudicator's reasoning," but need not explain how each piece of evidence was considered. 82 Fed. Reg. 5844, 5858.

The ALJ found Dr. Sawlani's December 2017 opinion unpersuasive. [9-1] at 31. In the opinion, Dr. Sawlani noted that Plaintiff had "DJD", was unable to bend or squat, had to take pain medication for the pain, had to take medication on a daily bases for migraines, the migraine pain medication caused the patient to become dizzy and feel drowsy which limited her ability to work and caused difficulty in social interactions, and Plaintiff had a history of arthritis that caused her to drop objects. (*Id.* at 229). In support of finding the December 2017 opinion unpersuasive, the ALJ stated that the letter did not include the agency's criteria for evaluating disability, the record did not support Dr. Sawlani's conclusion that Plaintiff could not bend, physical examinations in the record did not show abnormalities in how Plaintiff used her hands, and there was no evidence in the record of dizziness being an ongoing concern nor evidence of ongoing difficulties related to irritable bowel syndrome or headaches. (*Id.* at 31). The Court finds that the ALJ's determination that Dr.

Sawlani's December 2017 opinion was unpersuasive was supported by substantial evidence.

The ALJ also found Dr. Sawlani's October 2019 statement unpersuasive. In the opinion, Dr. Sawlani similarly indicated the limitations that Plaintiff experienced because of certain conditions. (*Id.* at 278-88). In support of finding the October 2019 opinion unpersuasive, the ALJ found that the severity of the limitations set forth in the opinion was wholly inconsistent with the largely normal findings of record from the physical examinations. (*Id.* at 31). The ALJ also noted that Dr. Sawlani did not mention supporting evidence or records consistent with his opinion and it was unclear why Plaintiff would need to recline in a supine position for three hours or take a two-hour afternoon break during an eight-hour workday. (*Id.*). In addition, the ALJ stated there was no support in the sparse record for Dr. Sawlani's opinion that the claimant would likely miss work more than three times per month. (*Id.*). The Court finds that the ALJ's determination that Dr. Sawlani's October 2019 opinion was unpersuasive was supported by substantial evidence.

Plaintiff makes several arguments for why the ALJ reversibly erred in assessing Dr. Sawlani's treating opinion. Plaintiff argues that the ALJ should have considered Dr. Sawlani's references to Plaintiff's constant and daily pain, certain symptoms, and certain positive objective signs before concluding that Dr. Sawlani did not cite supporting evidence or records consistent with his opinions. [12] at 10-11. The Court does not find this argument persuasive because the ALJ clearly stated that

Dr. Sawlani did not cite objective evidence in the medical record.[7]

Plaintiff also asserts that the ALJ failed to evaluate other evidence in the record that supported Dr. Sawlani's conclusion, including Plaintiff's testimony and reports Plaintiff made to Dr. Sawlani during appointments about numbness and tingling in her hands, foot pain, back pain worsened by sitting, neck pain, and difficulty lifting. [12] at 11-14. For the reasons stated above, the Court finds that substantial evidence supports the ALJ's determination that Plaintiff's testimony about her alleged symptoms and limitations lacked credibility. As a result, Plaintiff's testimony does not change the validity of the ALJ's findings about Dr. Sawlani's opinions. Plaintiff is correct that two of the records from appointments with Dr. Sawlani indicate that Plaintiff reported numbness and tingling in her hands, foot pain, back pain worsened by sitting, neck pain, and difficulty lifting and carrying to Dr. Sawlani. [12] at 11 (citing [9-1] at 242, 262). However, the bulk of these complaints were documented in a record from before the onset date for Plaintiff's alleged disability, [9-1] at 242, and were never documented in records from later visits. The ALJ cited the second record that Plaintiff references to support her argument, which indicates that the ALJ evaluated that record. [9-1] at 30 ("[T]he undersigned notes that the physical examinations of record by treating sources consistently showed essentially normal musculoskeletal and neurologic findings"

---

[7] Plaintiff also argues that Dr. Sawlani was not required to cite objective evidence in his opinion. [12] at 10-11. The Court does not need to address this argument because the Court finds that substantial evidence supports the ALJ's determination that the objective medical evidence renders Dr. Sawlani's opinions unpersuasive.

(citing 234-35, 236-37, **262-64**, 265-67) (emphasis added)).[8] It is worth noting that, as highlighted by the ALJ, that record largely shows normal musculoskeletal findings. [9-1] at 262.

In addition, Plaintiff asserts that the ALJ failed to evaluate the evidence from Dr. Dean Velis, who completed a consultative examination in December 2017, that was consistent with Dr. Sawlani's opinions. [12] at 11-12. The ALJ discussed Dr. Velis's opinion, including the majority of the evidence that Plaintiff asserts supports Dr. Sawlani's opinions, [9-1] at 30, which indicates that the ALJ did evaluate the opinion and did not only cite favorable evidence, *see Plessinger v. Berryhill*, 900 F.3d 909, 915 (7th Cir. 2018) ("ALJs are not permitted to cherry-pick evidence from the record to support their conclusions, without engaging with the evidence that weighs against their findings."). In reply, Plaintiff argues that the ALJ did not discuss Dr. Velis's opinion when discussing Dr. Sawlani's opinions such that Plaintiff's argument that the ALJ failed to consider how Dr. Velis's opinion supported Dr. Sawlani's opinion still stands. [16] at 9. However, the ALJ did not have to discuss Dr. Velis's opinion in the same paragraph as discussing Dr. Sawlani's opinions for the Court to find that the ALJ properly considered the opinion. *See Zellweger v. Saul*, 984 F.3d 1251, 1254 (7th Cir. 2021) ("[N]othing in Chenery prohibits a reviewing court from reviewing an ALJ's . . . determination in light of elaboration and analysis appearing elsewhere in the decision."). In addition, as is the case here, the Seventh Circuit has

---

[8] Plaintiff also states that Dr. Sawlani's December 2017 opinion supports Dr. Sawlani's October 2019 opinion but, for the reasons stated above, the Court finds substantial evidence supported the ALJ finding that opinion not to be persuasive.

held that an ALJ may decline to credit a treating physician's opinion when it "is inconsistent with the physician's treatment notes." *Pavlicek v. Saul*, 994 F.3d 777, 781 (7th Cir. 2021); *see also Fair v. Saul*, 853 F. App'x. 17, 21 (7th Cir. 2021).

Further, the ALJ gave solid, substantiated reasons for finding the prior administrative findings persuasive and giving more weight to the non-examining state agency consultants' conclusions than to Plaintiff's and Dr. Sawlani's claims about the limiting nature of Plaintiff's symptoms. [9-1] at 30-31. The ALJ found that the prior administrative findings were persuasive as they were well supported by the evidence of record as summarized in their opinions. (*Id.*). In particular, the ALJ noted the exertional and postural limitations were supported by Dr. Velis's report despite other examinations showing essentially normal findings. (*Id.*).

In sum, the Court is satisfied that the ALJ has built a logical bridge between the evidence in the record and the ALJ's assessment of Dr. Sawlani's opinions. *Peeters v. Saul*, 975 F.3d 639, 641 (7th Cir. 2020) ("The court's role is not to reweigh evidence, but to determine whether the ALJ built an 'accurate and logical bridge' between the evidence and the conclusion.").

## IV. CONCLUSION

For these reasons, the Court affirms the ALJ's decision and Plaintiff's motion for summary judgment [12] is denied and the Commissioner's motion for summary judgment [14] is granted. The Clerk is directed to enter judgment in favor of the Commissioner. Civil case terminated.

E N T E R:

Dated: May 7, 2025

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge